NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
UNITED STATES OF AMERICA.,                :
:
    Plaintiff,                              :
:   Civil No. 05-5310 (AET)
v.                                        :
:   **MEMORANDUM & ORDER**
MERCHANTS MUTUAL INSURANCE,               :
COMPANY,                                  :
:
    Defendant.                             :
_____:

THOMPSON, U.S.D.J.

I. Introduction

    This matter comes before the Court on Defendant Merchants Mutual Insurance Company's motion requesting an entry of judgment, pursuant to Fed. R. Civ. P. 54(b), or in the alternative for a certificate of appealability pursuant to 28 U.S.C. § 1292(b).  The Court considered the submissions of both parties, without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendant's Motion is denied.

II. Background

    Because this memorandum follows a comprehensive opinion, the Court will limit the recitation of the facts to only that which is relevant to the motion at hand.  On June 22, 2007, the Court awarded partial summary judgment to Plaintiff, finding that Defendant had a duty to defend Plaintiff and indemnify it in the underlying litigation of Evans v. United States, No. 05-5310 (D.N.J.) (the "underlying litigation").  Within that opinion, the Court noted that the issue of Defendant's apportionment of indemnity costs is an open question because "Merchant's duty [to

defend and indemnify] inures only to the claims against the United States for which Melville Hall would have been responsible in the absence of the parties' substitution." United States v. Merchants Mut. Ins. Co., No. 05-5310 , 2007 WL 1816256, at *6 (D.N.J. Jun. 22 2007). Defendant brings the instant motion requesting the Court enter judgment as to the Court's Order or in the alternative, grant Defendant a certification of appealability.

III.  Discussion

A.  Standard for Directing an Entry of Judgment

Where an order is not final under 28 U.S.C. § 1291, a court may nonetheless certify the final disposition of fewer than all the claims of an action pursuant to Fed. R. Civ. P. 54(b). The rule provides that

> "When more than one claim for relief is presented in an action . . . the court may direct an entry of judgment as to one or more but fewer than all the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Fed. R. Civ. P. 54(b).

A certification under Rule 54(b) is within the sound discretion of the District Court. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). The party seeking certification, "must shoulder the burden of identifying the particular factors, considerations and reasons [to be balanced] so that the [Court] may, in its discretion, properly evaluate the Rule 54(b) application." Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1004 (3d Cir. 1992). The factors to consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Cemar, Inc. v. Nissan Motor Corp., 897 F.2d 120, 122 (3d Cir. 1990) (quoting Curtiss-

Wright, 446 U.S. at 8). If certification is granted, the Court must identify the specific factors relied upon as justification for its decision. Id.

Several courts, including the Third Circuit have stated that where claims related to an insurance dispute remain unresolved, such as bad faith, breach of a duty of good faith and fair dealing, costs and fees, and the amount of indemnification, these outstanding issues render an entry of judgment under Fed. R. Civ. P. 54(b) inappropriate. Fed. Home Loan Mort. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 441 (3d Cir. 2003) (where a district court ruled an insurer owed money for defense and indemnity of an insured, the Third Circuit stated that had the insured's claims of breach of good faith and fair dealing remained outstanding "certification [would be] an abuse of its discretion, and therefore [the Third Circuit] would have dismissed the instant appeal because it lacked finality and did not meet the 54(b) requirements"); Horn v. Trancon Lines Inc., 898 F2d. 589, 593-94 (7th Cir. 1990) (after a district court resolved the issues of a duty to defend and indemnity, but not a bad faith claim, or the amount of money required to defend, and indemnify, the Seventh Circuit ruled the bad faith claim is not a "separate 'claim' under Rule 54(b) even if pleaded in separate counts" and "[a] decision establishing liability but leaving damages to be resolved is not final and may not be appealed under Rule 54(b)"); Commercial Union Ins. v. Clemco Indus., 762 F.2d 462, 464 (5th Cir. 1985) (stating where outstanding issues of fees and penalties remain and "when plaintiff is suing to vindicate one legal right and alleges several elements of damages, only one claim is presented and subdivision (b) [of Rule 54] does not apply") (citing 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2657 at 69-71).

These cases are instructive and demonstrate that an entry of judgment as to the Court's

3

June 22, 2007 Order would be inappropriate. Just as in Scottsdale, and Horn, there remains Plaintiff's outstanding claim that Defendant denied its insurance claim in bad faith. Further, the Court has yet to determine the actual amount Defendant owes Plaintiff for indemnification and whether fees and costs are owed. See Merchants Mut. Ins. Co., 2007 WL 1816256, at *6. Therefore, as several appeals' courts, including the Third Circuit, would deem the entry of judgment to be unwarranted here, the Court must deny Defendant's request for an entry of judgment under 54(b).

      B.      Standard to Issue a Certificate of Appealability

Pursuant to 28 U.S.C. § 1292(b) the Court may certify its June 22, 2007 Order for appeal. The standard for certification is whether the decision at issue "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Generally, "[c]ertification is the exception and not the rule." Providence Hosp. v. Rollins Burdick Hunter of Ill., Inc., No. 92-8096, 1994 WL 675008, at *6 (N.D. Ill. Nov. 30, 1994) (citing Zygmuntowicz v. Hospitality Invs., Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993)).

      1.      Advancing the Ultimate Termination of the Litigation

Defendant has failed to show how an appeal at this stage would "materially advance the ultimate termination of the litigation." § 1292(b); see Providence Hosp., 1994 WL 675008, at *6 (denying certificate of appealability, relating to an insurance dispute, where issues of indemnity and coverage were outstanding and the movant failed to offer "more than mere conjecture that certification would materially advance the ultimate termination of the litigation"). In the June

4

22, 2007 Order, the Court ruled that Defendant was obliged to defend and indemnify Plaintiff in the underlying litigation. Because there remains the issue of bad faith, and the amount of indemnification owed, regardless of the Third Circuit's ruling on appeal, these issues would continue to impede the advancement of the litigation. Further an appeal at this juncture could result in added costs to the parties and duplicative litigation.

To determine whether certification will materially advance the ultimate termination of a litigation, a district court should examine whether an immediate appeal would: "(1) eliminate the need for trial; (2) eliminate complex issues so as to simplify the trial; or (3) eliminate issues to make discovery easier and less costly." I.H. ex rel. Litz v. County of Lehigh, No. 04-CV-3890, 2007 WL 1740804, at *3 (E.D. Pa. Jun. 14, 2007) (citing Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994)). As Plaintiff points out, there are numerous potential results from appeal which may not advance the litigation, but rather prolong it, adding to discovery and litigation costs. Therefore the Court denies Merchants' request for a certificate of appealability.

### IV. CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 14th day of August 2007,

**ORDERED** that Defendant Merchants Mutual Insurance Company Motion for an Entry of Judgment pursuant to Fed. R. Civ. P. 54(b) is **DENIED**; and it is further

**ORDERED** that Defendant Merchants Mutual Insurance Company Motion for a Certificate of Appealability pursuant to 1292(b) is **DENIED**.

                                              s/Anne E. Thompson
                                          ANNE E. THOMPSON, U.S.D.J.